UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

TIMOTHY DeANDRE MURRAY,  )
                         )
   Plaintiff,            )
                         )
   v.                    )    13-CV-3114
                         )
ADAMS COUNTY JAIL and    )
CHAD DOWNS,              )
                         )
   Defendant.            )

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se from incarceration in Dixon Correctional Center, seeks leave to proceed in forma pauperis on claims arising from his experience at the Adams County Jail beginning on May 14, 2012 for about three months.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is

plausible on its face.'" <u>Alexander v. U.S.</u>, 2013 WL 3215667 *2 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that, during his detention in the Adams County Jail, he was kept in a restraint chair overnight, several times, and for entire shifts. He was forced to urinate on himself while in the restraint chair, and he had to sit in his urine for hours. Plaintiff also alleges that he was tasered and choked semi-unconscious at some point.

Accepting the allegations as true, Plaintiff states due process claims arising from the conditions he was allegedly forced to endure in the restraint chair. Plaintiff also states an excessive force claim based on the tasering and choking. Accordingly, this case will proceed pursuant to the standard procedures.

However, Defendant Chad Downs, cannot be held liable for his employees' constitutional violations unless Downs was personally responsible for those violations. For example, Downs could be liable if he participated in, directed, approved of, or turned a blind eye to the constitutional violations. Only the individual personally responsible for the misconduct can be liable. Plaintiff does not

name any individual Defendants besides Chad Downs.  At this point, Defendant Downs will remain in the case.

**IT IS THEREFORE ORDERED:**

1)    Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a constitutional claims regarding:  1) the use of the restraint chair and the conditions Plaintiff was allegedly forced to endure in the restraint chair; and 2) excessive force arising from the tasering and choking of Plaintiff.  This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)    The Adams County Jail is dismissed because the Jail is not a suable entity.

**3)    If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

7) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on November 26, 2013, at 1:30 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

9) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.

Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO attempt service on Defendants pursuant to the Court's standard procedures.**

ENTERED:  September 23, 2013

FOR THE COURT:

                                        **s/Sue E. Myerscough**
                                        SUE E. MYERSCOUGH
                                  UNITED STATES DISTRICT JUDGE